0680-13857-35

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEITH M. MCELRATH** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **COSTCO WHOLESALE CORPORATION,** | * | **SECTION** |
| **CARROLLTON CENTER PLAZA** | * | |
| **ASSOCIATES FEE OWNER, LLC,** | * | **JUDGE** |
| **COSTCO WHOLESALE MEMBERSHIP,** | * | |
| **INC., and "ABC" INSURANCE COMPANY** | * | **MAGISTRATE** |
| | * | |
| | * | **JURY DEMAND** |
| *    *    *    *    *    *    * | * | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendants, Costco Wholesale Corporation and Costco Wholesale Membership, Inc., (hereafter sometimes referred to collectively as "Costco"), hereby timely remove this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, *et seq.* Original jurisdiction lies with this Court because the amount in controversy exceeds $75,000.00 and there is complete diversity among the properly joined parties.

## BACKGROUND

1. On or about April 4, 2019, Keith McElrath was a patron at the Costco store located at 3900 Dublin St. in New Orleans, Louisiana, at which time he was approaching the entrance of the store when he allegedly slipped and fell on an allegedly unreasonably dangerous condition on

the premises while entering the premises. McElrath contends that Costco created the unreasonably dangerous condition, failed to prevent the unreasonably dangerous condition, and provided no warnings to patrons regarding such an unreasonably dangerous condition. Petition for Damages at ¶ 3-9. The plaintiff allegedly injured his right shoulder and underwent shoulder surgery as a result of such alleged injuries. Petition for Damages at ¶ 10.

2. On or about April 2, 2020, plaintiff filed a Petition for Damages, commencing a civil action in the Civil District Court for the Parish of Orleans, State of Louisiana entitled, *Keith M. McElrath v. Costco Wholesale Corporation, Carrollton Center Plaza Associates Fee Owner, LLC, Costco Wholesale Membership, Inc., and "ABC" Insurance Company*, bearing civil action number 20-02908 on the docket of Section L.

3. In the Petition, the plaintiff named as defendants (1) Costco Wholesale Corporation, the alleged owner of the Costco location at issue; (2) Carrollton Central Plaza Associates Fee Owner, LLC, the alleged owner of the Costco location at issue; (3) Costco Wholesale Membership, Inc., the alleged owner of the Costco location at issue; and (4) "ABC" Insurance Company, the alleged insurer of Costco Wholesale Corporation, Carrollton Central Plaza Associates Fee Owner, LLC, and Costco Wholesale Membership, Inc.

4. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Costco Wholesale Corporation and Costco Wholesale Membership, Inc. are attached hereto as Exhibit 1. A copy of the Service of Process Transmittal from CT Corporation to Costco Wholesale Corporation is attached hereto as Exhibit 2. A copy of the Service of Process

Transmittal from CT Corporation to Costco Wholesale Membership, Inc. is attached hereto as Exhibit 3.

5. Upon information and belief, the Petition was also served on Carrollton Central Plaza Associates Fee Owner, LLC. As such, Costco attaches as Exhibit 4 the Consent to Removal of Carrollton Central Plaza Associates Fee Owner, LLC.

6. Thirty days has not elapsed from the service on the last served defendant, and, as such, this removal is timely filed. *See* 28 U.S.C. § 1446(b).

7. In removing the plaintiff's action to this Court, Costco Wholesale Corporation and Costco Wholesale Membership, Inc. do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of the plaintiff's claims.

## VENUE

8. Pursuant to U.S.C. §§ 1441 and 1446, venue is proper in this district and division, which embraces the Civil District Court for the Parish of Orleans.

## JURISDICTION

9. This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and the action is therefore removable on that basis.

**I.      The Amount in Controversy Exceeds $75,000.00.**

10. District courts have original jurisdiction when, as here, the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

11. In cases such as this, where the plaintiff has not pled a specific amount of damages, the district court can determine that removal was proper if it is facially apparent that the claims exceed the jurisdictional amount or, if not facially apparent, rely on "summary judgment-type" evidence to ascertain the amount in controversy. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

12. Here, the plaintiff seeks compensation for damages occasioned by his alleged injury, which he lists as consisting of "past, present and future physical pain and suffering and loss of function; past, present and future medical expenses; and loss of enjoyment of life …." Petition for Damages at ¶ 11. As a result of such alleged injuries, the plaintiff has undergone medical treatment since April 4, 2019, including arthroscopic right shoulder surgery to repair a traumatic incomplete tear of the right rotator cuff; tendinopathy of the right biceps tendon; and a SLAP tear. It is therefore readily apparent that the amount in controversy exceeds $75,000.00. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

## II. Complete Diversity of Citizenship Exists Between Plaintiff and All Properly Joined Defendants.

13. District courts have original jurisdiction when, as here, complete diversity of citizenship exists between the plaintiffs and all properly joined defendants. *See* 28 U.S.C. § 1332(a).

14. The plaintiff describes himself as "a person of the full age of majority and a resident of the State of Louisiana, Parish of St. Tammany." Based upon that representation, the plaintiff is ostensibly a domiciliary of Louisiana, and, therefore, a citizen of Louisiana.

4

15. For purposes of diversity jurisdiction, corporations are citizens of their states of incorporation and principal places of business. *See* 28 U.S.C. § 1332(c)(1).

16. The Petition alleges that defendant, Costco Wholesale Corporation, is a foreign corporation domiciled in Issaquah, Washington, authorized to do and doing business in the State of Louisiana. Petition for Damages at ¶ 1. In fact, Costco Wholesale Corporation is a Washington corporation with its principal place of business in Issaquah, Washington. As such, Costco Wholesale Corporation is a Washington citizen for purposes of diversity jurisdiction.

17. The Plaintiff alleges that defendant, Costco Wholesale Membership, Inc., is a foreign corporation authorized to do and doing business in the State of Louisiana. Petition for Damages at ¶ 1. In fact, Costco Membership, Inc. is a California corporation with its principal place of business San Diego, California. As such, Costco Wholesale Membership, Inc. is a California citizen for purposes of diversity jurisdiction.

18. The Plaintiff further alleges that Carrollton Central Plaza Associates Fee Owner, LLC, ("Carrollton") is a foreign limited liability company domiciled in Wilmington, Delaware, authorized to do and doing business in and for the State of Louisiana. Petition at ¶ 1. However, the citizenship of Carrollton should be disregarded because it was improperly joined as a defendant to defeat diversity jurisdiction.

19. The Plaintiff further alleges that "ABC" Insurance Company, is an insurance company whom the plaintiff alleges provided a policy of insurance to, *inter alia*, Costco Wholesale Corporation and Costco Wholesale Membership, Inc., Petition at ¶ 1. "ABC" Insurance Company is a fictitious insurance company whose principal place of business is nonexistent.

As such, the citizenship of "ABC" Insurance Company is disregarded for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

20. A state court action may be removed to federal court on the basis of diversity jurisdiction when a non-diverse defendant has been improperly joined to defeat diversity.  The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).  A finding of improper joinder is warranted when there is "***no reasonable basis*** for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant."  *Smallwood*, 385 F.3d at 573 (emphasis added).  In this context, a "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Smallwood*, 358 F.3d at 573 n.9 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

21. In making a determination as to whether the plaintiff has a reasonable basis for recovery, a district court may either conduct a Rule 12(b)(6) type inquiry or it may "pierce the pleadings" and consider summary judgment-type evidence in the record.  *Travis*, 326 F.3d at 648.

22. In the present case, the plaintiff makes the following allegations as to the liability of Carrollton Central Plaza Associates Fee Owner LLC:

1. The unreasonably dangerous condition was created by defendants, COSTCO WHOLESALE CORPORATION, CARROLLTON CENTRAL PLAZA ASSOCIATES FEE OWNER LLC, and/or COSTCO WHOLESALE MEMBERSHIP, INC and they are liable for their own negligence and the actions of their employees under Article 2315 of the Louisiana Code of Civil Procedure, as well as being strictly liable under the Louisiana Code of Civil Procedure Article 2317 and Under Louisiana Revised Statutes for the things in their custody, *garde*, and control, to-wit: the premises at issue in this matter.

2. Petitioner was not at fault in this incident. His injuries were solely and proximately caused by the fault and negligence of the defendants, COSTCO WHOLESALE CORPORATION, CARROLLTON CENTRAL PLAZA ASSOCIATES FEE OWNER LLC, and/or COSTCO WHOLESALE MEMBERSHIP, INC and their agents and employees in the following particulars:

    a. Creating an unreasonably dangerous condition on its premises;

    b. Failing to use the proper material and paint on the surface of the handicapped parking space;

    c. Failing to take the necessary precautions to avoid incidents as the one that made the basis of this litigation;

    d. Failure to use ordinary care in the maintenance of the premises for the use to invitees and business patrons;

    e. Failure to warn patrons of dangerous condition existing on its premises;

      f. All other acts of negligence or strict liability which will be shown at the time of trial in this matter.

23. Costco respectfully submits that the plaintiff has no cause of action against Carrollton. More particularly, Carrollton is solely the owner of the land upon which the subject Costco warehouse is situated. *See* Affidavit of Darrell Longo attached hereto as Exhibit "5" and the relevant portions of the lease between Carrollton and Costco Wholesale Corporation (the "Lease") attached hereto as Exhibit "6."

24. To recover damages for a claim for a defect in property under Louisiana law, a plaintiff must show "that the thing causing damage was in the defendant's custody." *Strouse v. M & M Properties*, 32,792 (La. App. 2 Cir. 3/3/00), 753 So. 2d 434, 440.

25. Such custody, also referred to as *garde*, "is the obligation imposed by law on the proprietor of a thing or on the one who avails himself of it to prevent the thing from causing damages to another." *Id.* at 440. The things in one's custody and care are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them. *Id.*

26. Quite notably, "'custody' or 'garde' of a thing cannot lie in both an owner and a lessee simultaneously. Either one or the other, but not both, has the custody or garde of the thing." *Guillory v. Foster*, 634 So. 2d 1372, 1375 (La. App. 3 Cir. 1994); *Jacobs v. Spinnakers*, 474 So. 2d 1019, 1022 (La. App. 5 Cir.), writ denied, 478 So. 2d 149 (La. 1985).

27. Under the terms of the Lease, Costco Wholesale Corporation is the owner of all buildings and improvements located on the subject property. Exhibit 6 at Page 29, Paragraph 4.3

("During the Term, the Improvements and all additions, alterations and improvements to or replacements of the Improvements, and all appurtenant fixtures, machinery and equipment installed therein, shall be the property of [Costco]."). Moreover, the Lease provides that "during the Term [Costco] shall have exclusive control and possession of the Premises." Exhibit 6 at Page 30, Paragraph 4.4.

28. As such, Costco has *garde* over the premises at issue. *Strouse v. M & M Properties*, 32,792 (La. App. 2 Cir. 3/3/00), 753 So. 2d 434, 440; *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 838 F. Supp. 2d 497, 511 (E.D. La. 2012).

29. As Costco is the party who has *garde* over the property at issue, and *garde* cannot exist in both the owner and lessee, the plaintiff cannot maintain a cause of action against Carrollton under Louisiana law. *See Guillory v. Foster*, 634 So. 2d 1372, 1375 (La. App. 3 Cir. 1994); *Jacobs v. Spinnakers*, 474 So. 2d 1019, 1022 (La. App. 5 Cir.), writ denied, 478 So. 2d 149 (La. 1985)..

30. In view of the foregoing, Carrollton is improperly joined. Accordingly, the citizenship of Carrollton should be disregarded for the purposes of this removal. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

31. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Civil District Court for the Parish of Orleans.

32. Thirty (30) days have not elapsed since the last defendant was served with this lawsuit and the filing of this pleading.

33. Petitioners demand trial by jury.

**WHEREFORE**, petitioners pray that this Notice of Removal be accepted as good and sufficient, and that the aforesaid action pending against them in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to the United States District Court for the Eastern District of Louisiana.

Dated this 24th day of June, 2020.

Respectfully submitted,

*/s/ Alan J. Yacoubian*
ALAN J. YACOUBIAN (#17213)
NEAL J. FAVRET (# 24412)
JOHNSON, YACOUBIAN & PAYSSE
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Attorneys for Defendants, Costco Wholesale Corporation and Costco Wholesale Membership, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, if any, by e-mail, fax and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Alan J. Yacoubian*